Opinion of the court by
Mr. Justice Teottee:
1st. The only objections to the affidavit, relied on by the defendants, are, that the agent did not swear to the fact of his agency ; or that the plaintiff in the attachment was absent from, or resided out of the state at the time. We do not think either of these grounds sufficient to render the attachment void. The fact distinctly appears upon the record, that Haneman was the agent of the plaintiff. The justice of the peace stales it in his certificate of the affidavit, and .it is again recited in the attachment itself. Neither was it necessary for the agent to swear to the fact of the non-residence dr absence of the creditor; nor do we think that fact was necessary to be placed upon the record. If such was not the case, it should be brought forward as a defence, or answer to the proceeding, by plea. But there was no plea; nor, indeed, had the defendants taken any of the steps necessary to enable them to plead. The objection therefore came in the shape of a suggestion by counsel, that the proceeding was coram non judice. But the court will not decide that it has no jurisdiction of the cause, on a ground which might be sufficient to avoid it, if it were pleaded. To do so would be to destroy the established distinction between proceedings voidable merely, and such as are absolutely void.
The statute declares, that if the attachment is issued without the affidavit and bond, it shall be void; and of course the court before whom it is returned may dismiss it. Hence, if the court see that there is no sufficient affidavit, or that there is no bond, the attachment will be set aside. But this power is only to be exercised in cases where the defect is of such a character as to deprive the court of the power to render judgment. •
*586 But the fact of the citizenship of the party is not one that need appear upon the record. The supreme court of Tennessee have settled this question, in the case of Bloomfield v. Hancock, 1 Yer-.ger, 101. It was insisted in that case, that as citizens of the state alone have the right to attach the property of non-residents, and that was an attachment against a non-resident debtor, that the •citizenship of the plaintiff, as well as the non-residence of the defendant, must appear upon the face of the record. But Judge Catron held that it was not necessary, and the other members of ■the court concurred with him.
The objection to the bond is equally untenable. For, however well established the rule is, that an agent cannot bind his principal by deed, without an authority by deed also, yet that rule cannot apply to a case like the present. On a mere suggestion of an .attorney, as amicus curix, that there is no bond to authorize the attachment, the court is not authorized to do more than to see if there is a valid bond; and for that purpose cannot look beyond the bond itself. The statute directs the judge or justice who may issue attachment to take bond from the party, with good security, &c. The justice is thus invested with the power to determine in the first instance upon the sufficiency of the bond] and the presumption is that he has complied with the law in all things, in which it may not be shown upon the face of the bond itself that he has not done so, And upon a motion to dismiss the attachment, on the ground that it is absolutely void, the court cannot look beyond the record which the justice has sent into court. The authority of the agent is matter of evidence aliundi: it forms no part of the bond. And in the absence of the defendant in the attachment, the court will not gratuitously make up an issue which involves that collateral fact.
The utmost extent to which the court would go in such case would be to make a rule upon the party to produce the power or warrant of attorney within a reasonable time. The letter of attorney may be with the judge or justice who has granted the attachment, and yet the plaintiff according to the argument in support of the decision, may be deprived of the benefit of his attachment, and perhaps lose his debt entirely; because, the judge or justice omitted to send it with the bond into the circuit court. 2 Howard, Rep. 817. Judgment reversed.